IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGAL CENTER LLC,  §<br>§<br>  Plaintiff,  §<br>§<br>v.  §   Civil Action No. 3:21-CV-2837-N<br>§<br>FIDELITY NATIONAL TITLE  §<br>INSURANCE COMPANY,  §<br>§<br>  Defendant.  § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Fidelity National Title Insurance Company's ("Fidelity") second motion to dismiss, and in the alternative, strike [16]. Because the Plaintiff's complaint states a claim to relief that is plausible on its face, the Court denies the motion.

## I. ORIGINS OF THE MOTION

This motion arises from a dispute over title insurance coverage related to an undisclosed easement on Plaintiff Regal Center LLC's ("Regal") property. Regal purchased a property located in Fort Worth, Texas from Phase III Investments, LP, and Fidelity acted as a title insurance underwriter for the transaction, issuing a title commitment for the property. Am. Compl. ¶ 6 [13]. Several years later, Atmos Energy Corporation ("Atmos") notified Regal that it intended to build a pipeline through the property pursuant to a blanket easement. *Id.* ¶ 12. Regal never received any prior notice of this easement when Fidelity issued the title commitment. *Id.* ¶¶ 12-13. Due to the uncertainty

ORDER – PAGE 1

surrounding the legitimacy of Atmos's easement rights, Regal filed a title insurance claim with Fidelity. *Id.* ¶ 13. Regal alleged that during the process of investigating and negotiating the outcome of this claim, Fidelity engaged in unlawful conduct including breach of contract, violations of the Texas Insurance Code, and breaches of the duty of good faith and fair dealing. *Id.* ¶¶ 24-42. Regal originally filed suit on October 6, 2021 in state court. Fidelity subsequently removed the case to this Court on November 15, 2021, and filed a motion to dismiss, and in the alternative, strike.

## II. LEGAL STANDARDS UNDER RULE 12

When considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). While the Court will liberally construe the complaint in favor of the plaintiff, *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986), cert. denied, 476 U.S. 1159 (1986), the plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

ORDER – PAGE 2

"A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense." *Mann v. Adams Realty Co., Inc*, 556 F.2d 288, 293 (5th Cir. 1977).  A court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings."  *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983)).  Thus, a "statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003); *accord Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007).

Rule 12 allows the Court to strike "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  The decision to strike material from a pleading lies within the district court's "considerable discretion."  5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382, at 433 (3d ed. 2004) [hereinafter "WRIGHT & MILLER"].

> However, because federal judges have made it clear, in numerous opinions . . . in many substantive contexts, that Rule 12(f) motions to strike . . . are not favored, often being considered purely cosmetic or time wasters, there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more parties to the action.

ORDER – PAGE 3

*Id.* at 433-41 (footnotes, internal quotation marks, and citations omitted); *see also Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (observing that "'it is well established that the action of striking a pleading should be sparingly used by the courts. … It is a drastic remedy to be resorted to only when required for the purposes of justice . . . [or] when the pleading to be stricken has no possible relation to the controversy.'" (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953))). A Rule 12(f) motion to strike will also be denied if the allegations provide a "better understanding of the plaintiff's claim for relief or perform some other useful purpose in promoting the just and efficient disposition of the litigation." WRIGHT & MILLER § 1382, at 446-49 (footnotes and citations omitted).

### III. REGAL'S COMPLAINT STATES A CLAIM FOR RELIEF THAT IS PLAUSIBLE ON ITS FACE

#### *A. Promissory Estoppel*

Fidelity moves to dismiss the promissory estoppel claim on the basis that Regal may not simultaneously plead both breach of contract and promissory estoppel. Although Regal ultimately will not recover on both breach of contract and promissory estoppel claims, Regal may plead and proceed on both theories in the complaint. Promissory estoppel cannot apply to a promise within the scope of a valid contract between the parties, but promissory estoppel may apply to promises outside the scope of the contract. *See, e.g.*, *Richter, RMS v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex. App. - San Antonio 2002, no pet.). These claims are mutually exclusive. However, Rule 8(d) allows a party to plead claims in the alternative, despite their lack of consistency. FED R. CIV. P. 8(d)(2-3). Texas

case law cited by Fidelity on the relation of breach of contract and promissory estoppel do not negate this default; in fact, these cases tacitly approve of trial courts disposing of the conflicting claim after the pleadings stage concluded. *See, e.g.*, *Richter*, 90 S.W.3d at 899 (reviewing the trial court's grant of summary judgment on multiple claims including breach of a valid contract and promissory estoppel); *Superior Laminate & Supply, Inc. v. Formica Corp.*, 93 S.W.3d 445, 449 (Tex. App. - Houston [14th Dist.] 2002, pet. denied) (affirming the trial court's entry of a take-nothing judgment after the jury found for the plaintiff on promissory estoppel but no breach of the valid contract occurred). Because Regal may plead both inconsistently and in the alternative, the promissory estoppel claim remains plausible on its face.

### B. Statute of Limitations

Fidelity moves to dismiss Regal's claims of breach of duty of good faith and Chapter 541 violations based on the statute of limitations. When liberally construed in Regal's favor, the facts stated in the complaint do not support dismissal based on the statute of limitations. Generally, a cause of action "accrue[s] when the wrongful act effects an injury." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 (Tex. 1990). A breach of duty of good faith cause of action in the insurance context typically accrues when the insurer wrongfully denies the insured's claim. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex. 1990). As Regal filed suit on October 6, 2021, the two-year statute of limitations applicable to both the Chapter 541 violations and the breach of duty of good faith and fair dealing would exclude any claims accrued prior to October 6, 2019. *See De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 407 (5th Cir. 2016). Fidelity points to

ORDER – PAGE 5

allegations from Regal's complaint that occurred in October 2017, the end of 2018, and many months after the end of 2018, arguing that none of these terms can capture conduct within the statute of limitations. Mot. to Dismiss 6-8. However, while the alleged conduct might be wrongful, the *injury* did not manifest on the dates when Fidelity pressured Regal or when Fidelity began its unreasonable delays related to investigation or calculation of the loss. Rather, the harm starts when Fidelity failed to pay the claim at the proper time or in the proper amount. Notably, Regal alleged that the claim remains open to this day, so the pleadings contain no singular denial date where the harm definitively accrued. Am. Compl. ¶ 22. The Court must liberally construe the complaint in Regal's favor, and the ambiguities prevent any definitive conclusion that the harm manifested by October 6, 2019. The facts in the complaint fail to make the statute of limitations defense evident on its face.

### IV. THE SPECIFIED ALLEGATIONS IN REGAL'S COMPLAINT ARE NOT IMPERTINENT OR IMMATERIAL

The specified paragraphs in Regal's complaint provide facts relevant to the claims. The paragraphs that Fidelity requests to be struck address basic context surrounding the drafting of the contract, the terms of the contract, and the fact that Atmos notified Regal's of its easement rights. Am. Compl. ¶¶ 7-12, 26, 27, 37. These facts have some possible relation to the controversy, and as such, the drastic remedy of striking a party's pleadings is not appropriate. Because the allegations provide a better understanding of Regal's claim for relief, the Court denies the motion to strike.

## CONCLUSION

Because Regal's complaint states a claim to relief that is plausible on its face, the Court denies the motion to dismiss, and in the alternative, strike.

Signed September 7, 2022.

_____
David C. Godbey
United States District Judge