IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGAL CENTER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-02837-N |
| | § | |
| FIDELITY NATIONAL TITLE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Fidelity National Title Insurance Company's ("Fidelity") motion for summary judgment [80]. For the reasons below, the Court grants in part and denies in part the motion.

## I. ORIGINS OF THE MOTION

This case arises out of an insurance dispute between Plaintiff Regal Center LLC ("Regal") and its title insurer, Fidelity. Regal purchased a piece of real property in Fort Worth, Texas (the "Property"). *Real Estate Contract*, Def.'s Appx 2–25 [82]. Regal obtained a title insurance policy from Providence Title Insurance, with Fidelity acting as the title insurance underwriter. *Providence Title Commitment*, Def.'s Appx. 27, 45 [82]; *Title Policy*, Pl.'s Appx. 10 [94]. Unknown to Regal, Atmos Energy ("Atmos") had a general utility easement on the Property. Atmos gave Regal notice that it planned to construct a pipeline on the Property pursuant to its easement. *Atmos Notice Letter*, Def.'s Appx. 65 [82]; *Roeder Decl.*, Pl.'s Appx. 6 [94]. Regal then filed a claim with Fidelity

MEMORANDUM OPINION AND ORDER – PAGE 1

asserting that it had obtained knowledge of an adverse interest in the Property. *Pl.'s Claim Notice*, Def.'s Appx. 68–69 [82]; *Roeder Decl.*, Pl.'s Appx. 6–7 [94]. Fidelity accepted the claim and informed Regal that it fell within Regal's title coverage. *Coverage Letter*, Def.'s Appx. 73–74 [82]; *Roeder Decl.*, Pl.'s Appx. 6–7 [94]. Fidelity then began its efforts to resolve the claim. Fidelity negotiated a partial release of the easement with Atmos. *Atmos Email*, Def.'s Appx. 82–100 [82]; *Atmos Email*, Pl.'s Appx. 59 [94]. After some back-and-forth between the parties, Regal agreed to the partial release. *Plaintiff's Email*, Def.'s Appx. 102–03, 105 [82]; *Roeder Decl.*, Pl.'s Appx. 5–6 [94].

Fidelity then retained an appraiser to determine the loss Regal experienced covered by the policy. *Appraisal Notice*, Def.'s Appx. 131–32, 134 [82]. The appraiser determined that the property depreciated in value due to the easement by $231,255.00. *Appraisal Email*, Def.'s Appx. 167–72 [82]. Fidelity sent a check for the value of $231,255 to Regal and informed Regal the case would be closed. *Payment Correspondence*, Def.'s Appx. 178–80 [82]. Regal believed the number was too low and did not cover its loss, so Regal rejected the check and informed Fidelity that it would follow up with a settlement demand. *Rejection Correspondence*, Def.'s Appx. 184 [82]. Two years later, Regal filed the present suit, seeking relief for the following causes of action: (1) breach of contract, (2) promissory estoppel, (3) violation of Chapter 541 of the Texas Insurance Code, and (4) breach of the duty of good faith and fair dealing. Pl.'s Original Petition [1-1]. Fidelity now moves for summary judgment, alleging that Regal's claims fail as a matter of law. Def.'s Motion [80].

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs.*

MEMORANDUM OPINION AND ORDER – PAGE 3

*Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS SUMMARY JUDGMENT TO FIDELITY ON REGAL'S CLAIMS FOR PROMISSORY ESTOPPEL, BREACH OF THE DUTY OF GOOD FAITH, AND VIOLATION OF SECTION 541 OF THE TEXAS INSURANCE CODE

The Court holds that Regal's claims for promissory estoppel, breach of the duty of good faith and fair dealing, and deceptive or unfair practices under Section 541 of the Texas Insurance Code fail as a matter of law. Accordingly, Fidelity is entitled to summary judgment on all three claims.

#### A. Regal's Promissory Estoppel Claim Is Barred By The Existence of a Contract

Regal's claim for promissory estoppel fails as a matter of law due to the existence of a valid, enforceable contract between the parties. Promissory estoppel "cannot replace an enforceable contract." *Superior Laminate & Supply, Inc. v. Formica Corp.*, 93 S.W.3d 445, 449 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). A promise may be enforced under the doctrine of promissory estoppel only in the "absence of a valid and enforceable contract." *Williams v. Colonial Bank, N.A.*, 199 F. App'x 399, 403 (5th Cir. 2006) (unpub.); *see also C & K Trucking, LLC v. Ardent Mills LLC*, 2021 WL 2895866, at *3 (N.D. Tex. 2021). "If an alleged promise is part of a valid contract, the promisee cannot disregard the contract and sue . . . under the doctrine of promissory estoppel." *Stable Energy, L.P. v.*

MEMORANDUM OPINION AND ORDER – PAGE 4

*Kachina Oil & Gas, Inc.*, 52 S.W.3d 327, 336 (Tex. App.—Austin 2001, no pet.). Promissory estoppel may apply only to a promise outside the scope of a contract. *Blackstone Medical, Inc. v. Phoenix Surgicals, L.L.C*, 470 S.W.3d 636, 655 (Tex. App.—Dallas 2015, no pet.). Accordingly, Regal's promissory estoppel claim can only survive if either (1) there is no valid and enforceable contract or (2) the alleged promise is outside the scope of the contract.

It is undisputed by the parties that there is a valid and enforceable contract here. Both parties have produced an identical written agreement between them and neither party bases any argument on a contractual deficiency. Accordingly, the Court will presume that there is a valid and enforceable contract between the parties. The only remaining question is whether the promise alleged by Regal is within the scope of the valid contract. The Court finds that it is. Regal alleges that Fidelity promised to compensate Regal for the loss in value to Regal's land caused by the renegotiated easement. Pl.'s Response at 36 [93]; *see also Heidbreder Email*, Pl.'s Appx at 61 [94]. This promise to compensate for the additional loss is subsumed by the contract because Fidelity's obligation to compensate for the burden arises out of the insurance contract, not the statement regarding the compensation. This promise is not sufficiently extracontractual to take it beyond the coverage of the agreement between the parties. Accordingly, Regal cannot prevail on a claim for promissory estoppel.

Because the claim fails as a matter of law, Fidelity is entitled to summary judgment on Regal's claim for promissory estoppel.

### B. Regal's Statutory Unfair Practices and Common Law Breach of Good Faith Claims Are Barred by the Statute of Limitations

Fidelity argues that Regal's claims for breach of the common law duty of good faith and fair dealing and violation of Chapter 541 of the Texas Insurance Code fail as a matter of law because the claims are time barred by the two-year statute of limitations. Def.'s Brief at 17 [81]. The Court agrees. A statute of limitations is a procedural device that operates as a defense to limit the remedy available from an existing cause of action. *Duran v. Henderson*, 71 S.W.3d 833, 837 (Tex. App.—Texarkana 2002, pet. denied) (citing *First United Methodist Church v. United States Gypsum Co.*, 882 F.2d 862, 865–66 (4th Cir.1989)). Chapter 541 of the Texas Insurance Code provides a two-year statute of limitations. TEX. INS. CODE § 541.162(a)(1)-(2). Texas law also provides a two-year statute of limitations for breach of the duty of good faith and fair dealing. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Regal filed the present suit on October 6, 2021. Pl.'s Original Petition [1-1]. Thus, any cause of action that accrued before October 6, 2019, is time barred by the two-year statute of limitations. *See* Order Denying Mot. To Dismiss at 5 [41].

The limitations period begins to run when the cause of action accrues, and the date of accrual is a question of law. *Waxler v. Household Credit Servs., Inc.,* 106 S.W.3d 277, 279 (Tex. App.—Dallas 2003, no pet.) (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990). The accrual of a cause of action marks the right to institute and maintain a suit; whenever one person may sue another, a cause of action has accrued. *Matter of Swift*, 129 F.3d 792, 795 (5th Cir. 1997). Some form of legal injury must occur before a cause of action is said to accrue. *Id.* "A cause of action generally accrues, and

MEMORANDUM OPINION AND ORDER – PAGE 6

the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (quoting *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998)). This is true "even if all resulting damages have not yet occurred." *Id.* (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). The key inquiry for the present case is when a judicial remedy became available to Regal under its theories of breach of the duty of good faith and fair dealing and violation of Chapter 541 of the Texas Insurance Code.

"Under Texas law, a plaintiff's cause of action for bad-faith breach of a first-party insurance contract accrues at the time the insurer denies the insured's claims." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). However, when the claim is not denied and the claim is based on differently alleged bad faith conduct, the inquiry is more complicated and there is no standardized date of accrual. *See, e.g., Great American Ins. Co. of NY v. Spear Services LLC,* 2023 WL 3259496, at *4 (N.D. Tex. 2023); *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 408 (5th Cir. 2016) (unpub.); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.3d 826, 828 (Tex. 1990). Because Regal does not advance its statutory and common law bad faith claims on a theory of improper denial of coverage, the Court must determine when these causes of action accrued based on the date of the legally cognizable injury alleged in those claims. The Court finds that the date of accrual in this instance is June 12, 2019, when Regal tendered its allegedly unsatisfactory check.

Regal alleges several actions taken by Fidelity in violation of the duty of good faith and fair dealing and Chapter 541 of the Texas Insurance Code. First, Regal alleges that

MEMORANDUM OPINION AND ORDER – PAGE 7

Fidelity failed to make a good faith attempt to effectuate a fair settlement in violation of Chapter 541 of the Texas Insurance Code. Pl.'s Sec. Amended Complaint at ¶ 37 [66]. Regal also alleges that Fidelity made specific misrepresentations regarding the urgency of renegotiating the easement with Atmos and how Regal would be compensated for the reduced value of its land and title, also in violation of Chapter 541 of the Texas Insurance Code. *Id.* at ¶ 39.

Regal similarly alleges that Fidelity violated its duty of good faith and fair dealing by failing to resolve its claim in a complete, timely and prompt manner and by making certain assurances that it would fully compensate Regal's loss. *Id.* at ¶ 43–44. Essentially, Regal's Chapter 541 and breach of good faith and fair dealing claims assert that Fidelity made false promises to Regal that it would compensate Regal for certain losses and failed to effectively compensate those losses by offering the correct amount in settlement. Facts giving rise to Regal's claims for unfair settlement came into existence at the moment Fidelity allegedly offered Regal a settlement that was incomplete and failed to resolve Regal's claim.

Facts giving rise to Regal's claims for misrepresentation came into existence at the moment Fidelity allegedly offered Regal a settlement that did not take into account the losses for which Fidelity had promised to compensate, rendering those statements false. To the extent that any of the alleged conduct occurred and caused Regal injury, the facts causing any such injury came into existence on June 12, 2019, when Fidelity offered Regal an unsatisfactory settlement. Accordingly, Regal's causes of action for breach of the duty

of good faith and fair dealing and violation of Chapter 541 of the Texas Insurance Code accrued on June 12, 2019.

Using the two-year statute of limitations, the last date by which Regal could bring these claims was June 12, 2021. Because Regal did not bring these claims until October 6, 2021, the claims are time barred and fail as a matter of law. Accordingly, the Court grants summary judgment to Fidelity on Regal's claims for breach of the duty of good faith and fair dealing and violation of Chapter 541 of the Texas Insurance Code.

### IV. THE COURT DENIES SUMMARY JUDGMENT TO FIDELITY ON REGAL'S CLAIMS FOR BREACH OF CONTRACT DUE TO A FACT ISSUE

To survive a motion for summary judgment, Fidelity, as the movant, must show that no genuine issue of material fact exists, and that the undisputed facts entitle it to judgment as a matter of law. The Court finds that Fidelity has not shown that the law requires judgment in its favor on the issue of breach of contract. Fidelity has not adequately shown that the undisputed facts require a finding that Fidelity completely discharged its obligations to Regal under the parties' contract. Accordingly, Fidelity is not entitled to summary judgment on Regal's breach of contract claim.

#### A. There Is A Genuine Issue of Material Fact As To Whether Fidelity Breached The Contract

Regal alleges that Fidelity breached the parties' contract by failing to settle its claim and adequately compensate it for the loss it experienced due to Atmos's competing interest in its land. Pl.'s Sec. Amended Complaint at ¶ 27–30 [66]. Fidelity argues that it has fully discharged its obligations under the contract by tendering a check to Regal in the amount

of $231,255.00.  The Court holds that, at a minimum, there is a genuine issue of material fact as to how much money Fidelity needed to pay Regal to adequately compensate Regal under the requirements of the Policy.[1]

To prevail on a breach of contract claim under Texas law, a party must show: (1) the existence of a valid contract, (2) performance or performance tendered by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach.  *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (unpub.); *see also Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).  Regal has evidence showing at least some facts in support of each of these elements, and there are differing, disputed facts on the element of breach.  To show that Fidelity is in breach of its contract with Regal, Regal must show that there are obligations under the Policy that Fidelity should have but did not fulfill.

Regal alleges, in large part, that Fidelity failed to fulfill its obligations under the policy because it did not provide sufficient monetary compensation to Regal for the loss it experienced.  *See* Pl.'s Sec. Amended Complaint at ¶ 30 [66].  Both parties argue that Fidelity owed Regal a different amount of money to compensate the loss, and both parties have facts on the record in support of their respective contention.  The Policy states that liability is limited to "the difference between the value of the title as insured and the value of the title subject to the risk insured against by this policy."  *Title Insurance Policy*, Def.'s

---

[1] Because Regal's breach of contract claim survives summary judgment due to this issue of material fact, the Court will not reach the other contentions made the parties relating to Regal's breach of contract claim.

MEMORANDUM OPINION AND ORDER – PAGE 10

Appx. 61 [82]; *Title Insurance Policy*, Pl.'s Appx. 26 [94]. Fidelity retained an independent appraiser who determined that the difference in the value is $231,255.00. *Appraisal by JLL Valuation*, Def.'s Appx. 167–72 [82]. Regal retained its own appraiser who determined that the difference in value is $1,935,500.00. *Appraisal Report*, Pl.'s Appx. 107 [94]. The Court will not invade the role of the jury and decide which of these versions is more convincing. This conflicting evidence is sufficient to give rise to a genuine issue of material fact as to how much Fidelity needed to compensate Regal in order to fulfill its obligations under the contract. Accordingly, Fidelity has not carried its burden to show that that there is no genuine dispute as to any material fact and so is not entitled to judgment as a matter of law on Regal's breach of contract claim.

## V. Conclusion

Because Regal's claims for promissory estoppel, breach of the duty of good faith and fair dealing, and violation of Section 541 of the Texas Insurance Code fail as a matter of law, the Court grants summary judgment on those claims. However, because a genuine issue of material fact exists as to whether Fidelity is in breach of its contract with Regal, Fidelity is not entitled to summary judgment on the breach of contract claim.

Signed April 11, 2024.

_____
David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 11